IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SALVATORE RUSSO, : No. 3:17cv454
        Plaintiff :
         : (Judge Munley)
v. :
         :
WAL-MART STORES EAST, L.P., :
        Defendant :
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is Plaintiff Salvatore Russo's (hereinafter "plaintiff") motion to remand this case to the Pike County, Pennsylvania Court of Common Pleas. (Doc. 3). For the reasons that follow, the court will grant the motion.

**Background**

Plaintiff's complaint alleges that on September 19, 2014, plaintiff entered Defendant Wal-Mart Stores East, L.P.'s (hereinafter "Wal-Mart") Milford, Pennsylvania store as a business invitee. (Doc. 1, Ex. D (hereinafter "Compl.") ¶ 5). While in the store, plaintiff sustained injuries after he slipped and fell on spilled dog food left on the floor. (Compl. ¶ 6).

Based on these factual allegations, plaintiff filed a praecipe for writ of summons in the Pike County, Pennsylvania Court of Common Pleas on March 23, 2016. (Doc. 1, Ex. A). On May 11, 2016, he filed a one-count

negligence complaint against Wal-Mart. (Compl.). On March 13, 2017, Wal-Mart filed a notice of removal. (Doc. 1). On April 6, 2017, plaintiff filed the instant motion to remand. (Doc. 3). The parties have briefed their respective positions and the matter is ripe for disposition.

**Legal Standard**

Federal law provides that defendants may remove a civil action filed in a state court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). Defendants "asserting federal jurisdiction in a removal case bears the burden of showing 'that the case is properly before the federal court.'" Judon v. Travelers Prop. Cas. Co. of Am., 773 F.3d 495, 500 (3d Cir. 2014) (quoting Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir.2007)). Defendants must also establish that all pertinent procedural requirements for removal have been met. Shadie v. Aventis Pasteur, Inc., 254 F. Supp. 2d 509, 514 (M.D. Pa. 2003) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)). "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985) (citations omitted).

**Discussion**

To remove a case from state to federal court, a defendant must simply file a notice of removal with the federal district court for the district and division in which the state court action is pending. 28 U.S.C. § 1446(a). A defendant's notice of removal must "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Here, the parties agree that Wal-Mart filed its notice of removal more than thirty (30) days after receipt of the initial pleading.

A defendant may file a notice of removal more than thirty (30) days after receipt of the initial pleading, however, under certain circumstances. Specifically:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). Under subsection (c), a case may not be removed under these circumstances on the basis of diversity jurisdiction "more than 1 year after commencement of the action, unless the district court finds that

the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

In the instant matter, plaintiff filed a motion to remand under 28 U.S.C. § 1447(c), alleging that Wal-Mart's notice of removal is untimely, and therefore, procedurally defective. Wal-Mart, however, argues that it filed its notice of removal: (1) within thirty (30) days from which it could first be ascertained that the case became removable; and (2) within one (1) year from the commencement of the action. After a careful review, we agree with plaintiff.

As stated above, a case is removable when it can "first be ascertained" that the case is subject to federal diversity jurisdiction. See 28 U.S.C. § 1446(b)(3). The party attempting removal bears the burden of proof "to assess and ascertain the amount in controversy within the 30-day time limit for removal provided in Section 1446(b)." Carroll v. United Airlines, Inc., 7 F. Supp. 2d 516, 521 (D. N.J. 1998) (citation omitted).

Relevant here, "a pleading does not have to allege a specific dollar amount to give notice to the defendant of the existence of [f]ederal jurisdiction." Id.; McMillan v. Wilkie Trucking, Inc., No. 13-7104, 2014 WL 695583, at *2 (Feb. 21, 2014 E.D. Pa.); Sims v. PerkinElmer Instruments, LLC, No. 04CV3773, 2005 WL746884, at *2 (Mar. 31, 2005 E.D. Pa.).

4

Rather, in the context of a personal injury lawsuit between diverse parties, "severe injuries along with pain and suffering will alert [the] defendant that an amount in excess of [the jurisdictional amount] is at issue and trigger the running of the thirty-day removal period." Carroll, 7 F. Supp. 2d at 521-22 (citation and internal quotation marks omitted) (alleging that the plaintiff "suffered injuries causing disability, impairment, loss of enjoyment of life, pain and suffering, and he will suffer in the future") (citations omitted); McMillan, 2014 WL 695583, at *4 (alleging that the plaintiff suffered various "catastrophic, disabling, life-altering and permanent personal injuries," and that "he has in the past and may in the future continue to be disabled from performing his usual duties, occupations, avocations, all to his great detriment and loss"); Sims, 2005 WL746884, at *3 (alleging that the plaintiff suffered "severe and disabling injuries" as well as "medical costs, pain and suffering, and disfigurement," and that "this physical injury resulted past and future loss of earnings and earning capacity").

Here, May 11, 2016, constitutes the first instance by which Wal-Mart could ascertain this case's removability. Plaintiff filed a praecipe for writ of summons on March 23, 2016, and a complaint on May 11, 2016. The complaint alleges damages "in an amount in excess of $40,000.00, together with costs and disbursements thereon." (Compl. ¶ 17). It further

alleges that plaintiff suffered "severe and painful injuries[,]" "will continue to suffer great pain and agony" in the future, has already "expend[ed] various sums of money for medical care and attention," and "will continue to spend various sums of money for medical care and attention" in the future. (Compl. ¶¶ 15, 17).

Plaintiff's allegations are such that Wal-Mart could "reasonably and intelligently conclude from the pleadings that the amount in controversy exceeds the jurisdictional minimum." Carroll, 7 F. Supp. 2d at 521; Cabibbo v. Einstein/Noah Bagel Partners, L.P., 181 F. Supp. 2d 428, 433 (E.D. Pa. 2002). Thus, to comply with the thirty-day removal period, Wal-Mart should have filed its notice of removal on or before June 13, 2016. Wal-Mart, however, filed its notice of removal on March 13, 2017. As a result, its notice of removal is untimely, and therefore, procedurally defective. Plaintiff's motion to remand this case to the Pike County, Pennsylvania Court of Common Pleas will thus be granted.

Even if we concluded that Wal-Mart could not first ascertain this case's removability on May 11, 2016, May 23, 2016, constitutes an alternative first instance by which Wal-Mart could ascertain this case's removability. The parties agree that on or around May 23, 2016, plaintiff refused to stipulate that the amount in controversy exceeds or falls short of

$75,000. (Doc. Pl.'s Br. in Supp. at 1; Doc. 6, Def.'s Br. in Opp. at 2 (hereinafter "Def.'s Br.")). Wal-Mart memorialized this refusal in an e-mail to plaintiff on May 23, 2016. (Def.'s Br., Ex. A at 2). Nearly a year later, on May 10, 2017, Wal-Mart advised plaintiff that, unless informed otherwise, it would presume that the amount in controversy exceeds $75,000. Plaintiff responded via e-mail that he would "not be stipulating to value below $75k." (Def.'s Br., Ex. C at 1).

Wal-Mart argues that plaintiff's May 10, 2017 e-mail constitutes an "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). To the contrary, we find that Wal-Mart could reasonably and intelligently conclude from the parties' May 23, 2016 communications that the amount in controversy exceeds the jurisdictional minimum. Thus, in the alternative, Wal-Mart should have filed its notice of removal on or before June 23, 2016. Wal-Mart, however, filed its notice of removal on March 13, 2017. As a result, its notice of removal is untimely, and therefore, procedurally defective. Plaintiff's motion to remand this case to the Pike County, Pennsylvania Court of Common Pleas will thus be granted.

**Conclusion**

For the above-stated reasons, Wal-Mart's notice of removal is procedurally defective. Accordingly, the court will remand this case to state court under 28 U.S.C. § 1447(c). An appropriate order follows.

**Date: May 8, 2017**               **s/ James M. Munley**
                                    **JUDGE JAMES M. MUNLEY**
                                    **United States District**